12-1586
Walters v. New York State Dep't of Corr.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of May, two thousand thirteen.

PRESENT:
        Richard C. Wesley,
        Susan L. Carney,
        J. Clifford Wallace,[*]
           *Circuit Judges.*

_____

Samuel Walters,

        *Plaintiff-Appellant*,


      v.                            12-1586

New York State Department of Corrections, Bare Hill Correctional Facility, *et al.*,

        *Defendants,*

S. Hanna, C.O. Gardner,
        *Defendants-Appellees*.

_____

---

[*]Judge J. Clifford Wallace, of the United States Court of Appeals for the 9th Circuit, sitting by designation.

FOR APPELLANT: Samuel Walters, *pro se*, Beacon, NY.

FOR APPELLEES: Barbara D. Underwood, Solicitor General; Andrea Oser, Deputy Solicitor General; Owen Demuth, Assistant Solicitor General; *for* Eric T. Schneiderman, Attorney General of the State of New York, Albany, NY.

Appeal from a judgment of the United States District Court for the Northern District of New York (Kahn, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Samuel Walters, proceeding *pro se*, appeals from the district court's judgment granting the motion for summary judgment of Appellees, correction officers Shawn Hanna and Ronald Gardner, in his 42 U.S.C. § 1983 action raising an Eighth Amendment failure to protect claim. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review an order granting summary judgment *de novo*, and ask whether the district court properly concluded that there were no genuine issues of material fact and that the moving party was entitled to judgment as a matter of law. *See Feingold v. New York*, 366 F.3d 138, 148 (2d Cir. 2004). In determining whether there are genuine issues of material fact, we are "required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." *Id.* (internal quotation omitted). However, reliance upon conclusory statements or mere allegations is not sufficient to defeat a summary judgment motion. *See Yin Jing Gan v. City of New York*, 996 F.2d 522, 532 (2d Cir. 1993); Fed. R. Civ. P. 56(e). After an independent review of the record and relevant case law, we affirm for substantially the same reasons stated by the magistrate judge in his thorough February 15, 2012

report and recommendation, which the district court adopted over Walters's timely objection in its March 26, 2012 order.

We have considered all of Walters's arguments and find them to be without merit. Accordingly, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk